## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**SAMIRA O'BRIEN,**

     **Plaintiff,**

**vs.**                           **CASE NO.:**

**BELLA NAILS AND SPA SERVICES, INC.**
**d/b/a BELLA NAILS & SPA, and**
**LAP H. "ANDY" NGUYEN,**

     **Defendants.**

_____/

## COMPLAINT

Plaintiff, SAMIRA O'BRIEN, by and through her undersigned counsel, sues Defendants, BELLA NAILS AND SPA SERVICES, INC. d/b/a BELLA NAILS & SPA and LAP H. "ANDY" NGUYEN, and alleges as follows:

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

2.     Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3.     Plaintiff, SAMIRA O'BRIEN, is a resident of Pasco County, Florida at all times material and worked for Defendants in this Juridical District during the applicable statute of limitations.

4.     Defendant, BELLA NAILS AND SPA SERVICES, INC. d/b/a BELLA NAILS &

SPA, is a Florida Profit Corporation authorized and doing business in this Judicial District.

5.     At all times material hereto Defendant, LAP H. "ANDY" NGUYEN, was an officer of the Defendant Corporation and had direct responsibility and control over the compensation paid to employees of the organization.

## FACTUAL ALLEGATIONS

6.     Plaintiff, SAMIRA O'BRIEN, was employed with Defendants from approximately April 2018 to October 13, 2018.

7.     Plaintiff worked in excess of 40 hours per work week, for which she was not compensated by Defendants at a rate of time and one half her regular hourly rate.  For example, Plaintiff typically worked a minimum of approximately 56 hours per week.  Plaintiff only received her regular pay rate for hours worked over 40.  Plaintiff was not compensated at a rate of one and a half times her regular rate of pay for hours worked over 40.

## COUNT I
**(Fair Labor Standard Act - Overtime)**

8.     Plaintiff realleges paragraphs one (1) through seven (7) as though set forth fully herein.

9.     The employment of Plaintiff provided for a forty (40) hour work week but, throughout her employment, Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

10.     At all times material herein, Defendants failed to comply with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., in that Plaintiff worked for the Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate Plaintiff at the rate of time and one-half (1½) her regular rate of pay for the hours worked over forty (40) in a work week.

11.     Defendants' failure to pay Plaintiff the required overtime pay was knowingly intentional, and willful.

12.     As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, SAMIRA O'BRIEN, respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy, a judicial determination that the FLSA was violated, an adjudication on the merits of the case, and such other relief as the court may deem just and proper.

## COUNT II
### (*Fair Labor Standards Act - Minimum Wage*)

13.     Plaintiff re-alleges paragraphs one (1) through seven (7) as though set forth fully herein.

14.     At all times material hereto, Plaintiff was paid a wage.

15.     Plaintiff regularly made less than the minimum wage required to be paid to employees under the FLSA.

16.     At all times material, Defendants, BELLA NAILS AND SPA SERVICES, INC. d/b/a BELLA NAILS & SPA and LAP H. "ANDY" NGUYEN, failed to comply with the FLSA, in that Plaintiff should have been paid at no less than the minimum wage.

17.     Defendants' failure to pay Plaintiff the required wage was intentional and willful.

18.     As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of

this matter.

WHEREFORE, Plaintiff prays for the following against Defendants, BELLA NAILS AND SPA SERVICES, INC. d/b/a BELLA NAILS & SPA and LAP H. "ANDY" NGUYEN:

      a.      all legal and equitable relief allowed by law including judgment against Defendants for minimum wage compensation;

      b.      liquidated damages;

      c.      payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

      d.      such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

19.      Plaintiff requests a jury trial on all issues so triable.

Dated this 30th day of October, 2018.

FLORIN, GRAY, BOUZAS, OWENS, LLC

*/s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
Primary:  miguel@fgbolaw.com
Secondary:  gina@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff