UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMIRA O'BRIEN,

    **Plaintiff,**

vs.                                                          CASE NO.: 8:18-cv-2658-T-30JSS

BELLA NAILS AND SPA SERVICES, INC.
d/b/a BELLA NAILS & SPA, and
LAP H. "ANDY" NGUYEN,

    **Defendants.**
_____/

**PLAINTIFF'S AMENDED MOTION FOR DEFAULT FINAL JUDGMENT
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure and the Court's March 5, 2019 Order (Doc. 13) requiring Plaintiff to state her damages with particularity, Plaintiff, Samira O'Brien ("Plaintiff"), by and through undersigned counsel, hereby renews its motion for the entry of a Final Default Judgment for Plaintiff against Defendants, Bella Nails and Spa Services, Inc. d/b/a Bella Nails & Spa, and Lap H. "Andy" Nguyen ("collectively hereinafter "Defendants"), and states as follows:

    1. On October 30, 2018, Plaintiff filed her Complaint and Demand for Jury Trial (Doc. 1) against Defendants for unpaid overtime and minimum wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

    2. Defendants, Bella Nails and Spa Services, Inc. d/b/a Bella Nails & Spa, and Lap H. "Andy" Nguyen, were each served with a Summons and a copy of the

1

Complaint and Demand for Jury Trial on November 15, 2018 (Docs. 7-8).

3. On December 13, 2018, the Clerk entered a Default against the Defendants (Docs. 5-6).

4. On February 28, 2019, Plaintiff filed her Motion for Default Judgment (Doc. 12).

5. On March 5, 2019, the Court denied Plaintiff's Motion for Default Judgment without prejudice and ordered Plaintiff to state her damages with particularity (Doc. 13).

6. Accordingly, Plaintiff now renews her request for Final Default Judgment and requests a Default Final Judgment in her favor and against Defendants.

**MEMORANDUM OF LAW**

I. **Rule 55(b)(1) Allows the Clerk to Enter a Default Judgment Against Defendants.**

"A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *Art Schmidlin v. Apex Mortgage Services, LLC*, 2008 WL 976158, *1 (M.D. Fla. 2008) (citing *Cotton v. Mass. Mut. Life Insurance Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005)).

Rule 55(b)(1), Fed.R.Civ.P., states,

> Entering a Default Judgment (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

As a result of Defendants' complete failure to appear, answer, or substantively respond to Plaintiff's Complaint, Plaintiff's allegations seeking minimum wage for all hours worked and overtime compensation for hours worked over 40 at rate of one and half times her rate of pay are deemed admitted, and Plaintiff prevails on her claims. Plaintiff now requests that the Clerk enter a Default Final Judgment in her favor pursuant to Rule 55(b)(1), as set forth below.

**II.     Plaintiff's Damages Can be Made Certain by Computation.**

As Defendants have failed to participate in this case, Plaintiff's Declaration (attached as Exhibit "A") is the best evidence of her hours worked. Such approximations of hours worked by an employee are acceptable when there are no time records available. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946); *Reich v. Southern New England Telecom. Corp.*, 121 F.3d 58 (2d Cir. 1997). "Inaccurate wage and hour information, however, is not always fatal to a claim for . . . overtime compensation under the [FLSA]. Where the inaccuracy is due to the employer's failure to keep adequate records as required by statute [29 U.S.C. §211(c)], imprecise evidence on quantum can provide a 'sufficient basis' for damages." *Reeves v. International Tel. and Tel. Corp.,* 616 F.2d 1342, 1351 (5th Cir. 1980). "Under these circumstances, we have 'in effect ordered the fact finder to do the best he could in assessing damages.'" *Id. See also, Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 (1946).

An employer who seeks to avoid liquidated damages as a result of violating the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *See Joiner v. City of Macon*, 814 F. 2d 1537 (11th Cir. 1987). In this case, Defendants, by virtue of having failed to respond to Plaintiff's Complaint,

3

fail to meet their burden to oppose the imposition of liquidated damages.

### (i) Plaintiff's Breakdown of Damages

From approximately May 28, 2018 to October 13, 2018, Plaintiff worked approximately 56 hours per work week as an esthetician for Defendants. Plaintiff was never compensated at the rate of time and a half her regular rate of pay for each hour worked over forty hours in the work week. On three occasions, Plaintiff was not paid at least minimum wage for each hour worked in the work week. Accordingly, Plaintiff is owed 16 hours of overtime at the rate of one and half time her regular rate of pay for each work week, and at least minimum wage for all hours worked and overtime at the rate of one and a half times the minimum wage ($8.25/hr) for three work weeks. Thus, this amount totals $5,867.42. Based on limited records available, this amount is broken down as follows based on a 56-hour workweek:

| Work Week[1] (2018) | Amount Paid | Hourly Rate (Amount Paid/56 hours) | Overtime Rate (Hourly Rate x 1.5) | Amount Due (Overtime rate x 16 hours of overtime per week) |
|---|---|---|---|---|
| 21 | $850 | $15.18/hr | $22.77/hr | $364.32 |
| 22 | $850 | $15.18/hr | $22.77/hr | $364.32 |
| 25 | $1115 | $19.91 | $29.87 | $477.86 |
| 26 | $1115 | $19.91 | $29.87 | $477.86 |

---

[1] Defendants did not keep adequate records identifying each work week. Rather, Defendants referred to the work week number. These weeks refer to the time period of approximately May 28, 2018 to October 13, 2018.

4

| 27 | $723 | $12.91 | $19.36 | $309.4 |
|---|---|---|---|---|
| 28 | $714 | $12.75 | $19.13 | $306.08 |
| 29 | $891 | $15.91 | $23.86 | $381.76 |
| 30 | $818 | $14.60 | $21.90 | $350.40 |
| 31 | $1129 | $20.16 | $30.24 | $483.85 |
| 32 | $922 | $16.46 | $24.69 | $395.14 |
| 33 | $361.50 | $6.46* | $12.38 (min wage $8.25/hr$^2$ x 1.5) | $198.08 (o/t based on minimum wage) $100.24 (min wage make up) |
| 34 | $361.50 | $6.46* | $12.38 (min wage $8.25/hr x 1.5) | $198.08 (o/t based on minimum wage) $100.24 (min wage make up) |
| 36 | $751 | $13.41 | $20.11 | $321.86 |
| 37 | $750 | $13.39 | $20.08 | $321.42 |
| 38 | $628 | $11.21 | $16.82 | $269.14 |
| 39 | $436 | $7.78* | $12.38 (min wage $8.25 x 1.5) | $198.08 (o/t based on minimum wage) $26.32 (min wage make up) |
| 40 | $753 | $13.45 | $20.16 | $322.71 |
| | | | **Total:** | **$5,867.42** |

\*  Weeks in which Plaintiff was not paid minimum wage of $8.25 per hour for all hours worked.

---

[2] The minimum wage in Florida for 2018 was $8.25/hour.  *See Florida Department of Economic Opportunity, "Florida Minimum Wage History 2000 to 2018," available at: http://www.floridajobs.org/docs/default-source/2018-minimum-wage/florida-minimum-wage-history-2000-2018.pdf?sfvrsn=2*

5

Plaintiff is also entitled to liquidated damages in the amount of $5,867.42, and, therefore, is owed a total of $11,734.84 in unpaid minimum wages, overtime, and liquidated damages under the FLSA.  *See* Plaintiff's Affidavit attached as Exhibit "A."

### D.     Attorneys' Fees and Costs

An additional element of Plaintiff's claim is the recovery of attorneys' fees and costs. Specifically, 29 U.S.C. § 216(b) authorizes an award of attorneys' fees and costs to the prevailing plaintiffs in any proceedings to enforce the provisions of the FLSA. The Complaint in this case shows that this was a proceeding to enforce the provisions of the FLSA.  A prevailing plaintiff's fee in an FLSA matter is mandatory. *See Weisel v. Singapore Joint Venture, Inc.,* 602 F. 2d. 1185 (5th Cir. 1979).

Taxable costs incurred in this matter total $484.00 (the Court's filing fee $400; $84.00 service of process on Defendants).  A copy of the receipts evidencing same is attached hereto as Exhibit "B."

With respect to attorneys' fees, counsel has expended a total of 13.8 hours in connection with these proceedings. Counsel's billing records are attached as Exhibit "C."  Counsel requests a billing rate of $400.00 per hour. Counsel's declaration in support of his billing rate is attached as Exhibit "D." Therefore, to date, Plaintiff has incurred $5,520.00 in attorneys' fees connected with these proceedings.

WHEREFORE, Plaintiff requests the entry of a Final Default Judgment in her favor and against Defendants in the amount of $5,857.42 in unpaid overtime compensation due under the FLSA, plus $5,857.42 in liquidated damages due under the FLSA, plus $484.00 for court costs and $5,520.00 for reasonable attorneys' fees, pre-

and post-judgment interest, and such further relief as the Court deems just and proper.

Dated: March 11, 2019

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
Primary: miguel@fgbolaw.com
Secondary: gina@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Trial Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11st day of March, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the Notice of Electronic Filing by first-class mail to the following non-CM/ECF participants: BELLA NAILS AND SPA SERVICES, INC. d/b/a BELLA NAILS & SPA, 18837 State Road 54, Lutz, Fl 33558 and LAP H. "ANDY" NGUYEN, 18837 State Road 54, Lutz, Fl 33558.

s/ *Miguel Bouzas*
Attorney for Plaintiff