UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMIRA O'BRIEN,

    Plaintiff,

v.                                                                                 Case No: 8:18-cv-2658-T-30JSS

BELLA NAILS AND SPA SERVICES,
INC. d/b/a BELLA NAILS & SPA and
LAP H. "ANDY" NGUYEN,

    Defendants.
_____

## ORDER

THIS CAUSE comes before the Court on Plaintiff's Amended Motion for Default Final Judgment and Incorporated Memorandum of Law (Doc. 14). As explained below, O'Brien is entitled to a final default judgment in her favor.

## FACTUAL BACKGROUND

In her Complaint, O'Brien sued her former employer for unpaid overtime and minimum wages. O'Brien served Defendants, and Defendants did not respond. The Clerk of Court entered a default against Defendants and O'Brien now seeks a final default judgment in her favor.

O'Brien's motion attached her Declaration, which explains in detail the amount of overtime and minimum wages owed. According to her Declaration, the total sum Defendants failed to pay her is $5,857.42. She is also requesting $5,857.42 in liquidated damages for a total of $11,714.84. Notably, the Complaint and Declaration state that

individual Defendant Lap H. "Andy" Nguyen is the principal of Defendant Bella Nails and Spa Services, directly controlled the method she was compensated, and was responsible for paying her wages.

O'Brien also requests attorney's fees and costs in the total amount of $6,004.00.

## **DISCUSSION**

A defendant who defaults is deemed to have admitted all well-pleaded allegations of fact in a complaint. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). As a result, a court may enter a default judgment against a party who has failed to respond to a complaint, assuming the complaint provides a sufficient basis for the judgment entered. Fed. R. Civ. P. 55; *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal citation omitted). Likewise, a court may award damages pursuant to a default judgment if those damages are adequately supported by the record. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (internal citations omitted). The court may award damages without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation. *Id.* at 1543 (internal citation omitted).

Here, the Court concludes that the Complaint adequately states a claim for relief under the Fair Labor Standards Act for unpaid overtime and minimum wages. O'Brien's Declaration, and the attachments to same, are also sufficient to establish the total damages of $11,714.84 and reasonable attorney's fees and costs in the amount of $6,004.00.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Amended Motion for Default Final Judgment and Incorporated Memorandum of Law (Doc. 14) is GRANTED.

2. The Clerk is directed to enter a Final Default Judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of **$17,718.84**.

3. All pending motions are denied as moot.

4. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on March 12, 2019.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record