UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO: 8:18-cv-02658-T-30JSS

SAMIRA O'BRIEN,

     Plaintiff,

vs.

BELLA NAILS AND SPA SERVICES, INC.
and LAP H. NGUYEN,

     Defendants,

_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND DISMISSAL OF CASE *WITH* PREJUDICE
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, SAMIRA O'BRIEN ("Plaintiff") and BELLA NAILS AND SPA SERVICES, INC. and LAP H. NGUYEN ("Defendants"), (Plaintiff and Defendants are collectively, the "Parties"), by and through their undersigned counsel and pursuant to the Local Rules of the United States District Court for the Middle District of Florida, Tampa Division, hereby move the Court for approval of the Settlement Agreement and General Releases (the "Settlement Agreement"), attached as **Exhibit 1** hereto, and request dismissal of this action *with prejudice* (the "Joint Motion").

1. On October 30, 2018, Plaintiff initiated an action under the Fair Labor Standards Act, as amended, 29 U.S.C. §201-216 ("FLSA") seeking damages for Defendants' alleged failure to pay Plaintiff overtime compensation in connection with her engagement with Defendants. Defendants deny any and all wrongdoing claimed by Plaintiff.

2.      In this case, there exists a genuine dispute as to Plaintiff's FLSA claims against Defendants, as Defendants maintain that Plaintiff was properly compensated for all hours worked pursuant to the FLSA.  Nonetheless, after considerable discussion, analysis, and negotiation, the Parties have reached a settlement in this matter that is a reasonable compromise of Plaintiff's FLSA claims in light of the defenses to the claim and the potential of Plaintiff obtaining no recovery on their FLSA claims, if the defenses prevail. Although the Settlement Agreement in no way constitutes an admission of liability by either party, the consideration paid pursuant to the same constitute a mutually agreeable resolution of Plaintiff's claims.  The settlement is fair, reasonable and equitable to the Parties involved in this litigation.  Plaintiff's attorneys' fees were agreed upon separately and without regard to the payment to Plaintiff.

3.      The Parties have consented to the submission of this Joint Motion to the Court and respectfully seek Court approval of the Settlement Agreement and dismissal of this action, *with prejudice*.  The Settlement Agreement contains every term and condition of the Parties' settlement and no side agreements have been made between the Parties.

4.      In support for the foregoing, the Parties submit the following incorporated Memorandum of Law.

## MEMORANDUM OF LAW

The two circumstances in which FLSA claims may be compromised are:  (i) when supervised by the Secretary of Labor pursuant to 29 U.S.C., § 216(c); and (ii) when a Court reviews an approved settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't. of Labor,* 679 F. 2d 1350, 1353 (11th

Cir. 1982).  If a settlement in an employee's FLSA suit reflects a fair resolution of the issues, the court may approve the settlement "to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In approving FLSA settlements, Florida's federal district courts have considered factors generally used in approving the settlement of class actions, including, among other things:  (i) the existence of fraud or collusion behind the settlement; (ii) the complexity, expense and lengthy duration of the litigation; (iii) the stage of the proceedings; (iv) the probability of the plaintiff's success on the merits; and (v) the range of possible recovery. *See Marcum v. Covert Consultants, Inc.,* 2006 WL 1626987 at *2 (M.D. Fla. June 1, 2006) (citing *Leverso v. Lieberman*, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994)).  "When considering these factors, the Court should keep in mind the 'strong presumption in favor of finding a settlement fair.'" *Id.* (citing *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).

Further, the factors analyzed by this Court in determining whether a compromise of a FLSA claim is fair and reasonable to the employee/plaintiff are as follows: (1) whether the compromise resolved a "bona fide dispute"; (2) whether a confidentiality provision is contained in the settlement agreement; (3) whether the employee/plaintiff prospectively waived his FLSA rights[1]; and (4) whether plaintiff's counsel was awarded a reasonable fee. *Dees v. Hydradry, Inc.,* 2010 WL 1539813 at *8-11 (M.D. Fla. April 19, 2010).  Parties seeking approval of an FLSA settlement "must provide enough information for the court to examine the bona fides of the dispute." *Id.* at *8.

---

[1] Plaintiff did not prospectively waive her FLSA rights in this case.

In this case, the Parties respectfully request judicial approval of the Settlement Agreement because there is no fraud or collusion in the settlement of this action and a settlement of this matter will prevent expensive, protracted, and uncertain litigation. The Parties have been able to assess each of their respective positions, as well as each other's, and have each decided that it is in their respective best interest to resolve this matter by settlement rather than by trial. The settlement of this action involves a situation in which the Court may allow Plaintiff to settle and release their FLSA/wages claims against Defendants. The proposed settlement arises out of an adversarial context. The Parties have been represented by counsel throughout the litigation.

**A.      The Compromise Between the Parties Resolves Bona Fide Disputes.**

During the period of time disputed for the purposes of the FLSA, the Parties disagree as to Plaintiff's unpaid wage claim against Defendants. As is customary in these claims, the Parties dispute whether Plaintiff is entitled to liquidated damages. Defendants dispute any and all allegations made by Plaintiff. Plaintiff is satisfied that the amount of the settlement represents full payment of the wages to which she is entitled under the FLSA. The Parties agreed to the terms of the Settlement Agreement after they were counseled by their respective attorneys.

**B.      Plaintiff's Counsel Was Awarded A Reasonable Fee.**

Plaintiff was represented by counsel throughout the litigation, including through the resolution of their claims. The settlement was a true and adequate compromise of all of Plaintiff's claims against Defendants. The compromise is justifiable given the fundamental and legitimate factual disagreements between the Parties that would have continued until

trial.  Plaintiff's attorneys' fees were agreed upon separately and without regard to the amount paid to Plaintiff.  Thus, the Parties have met all requirements set forth by this honorable Court and the Eleventh Circuit Court of Appeals regarding approval of settlements involving claims of FLSA violations.

### C.    Dismissal Of Matter *With* Prejudice.

The Parties jointly stipulate to the dismissal of all claims in this action *with prejudice*, such that upon the Court's approval of the resolution of Plaintiff's FLSA claim, a Final Order of Dismissal With Prejudice be entered.

**WHEREFORE**, based upon the foregoing, the Parties respectfully request this Court grant their Joint Motion for Approval of Settlement Agreement, *approve* and affirm the Settlement Agreement, dismiss the action *with prejudice*, and grant such other and further relief this Court deems just and proper.

Dated: October 18, 2019

Respectfully submitted,

By: */s/ Miguel Bouzas*
   Miguel Bouzas
   Florida Bar Number: 48943
   Primary email:  miguel@fgbolaw.com
   Secondary email:  gina@fgbolaw.com
   Wolfgang M. Florin
   wolfgang@fgbolaw.com
   **FLORIN GRAY BOUZAS OWENS, LLC**
   16524 Pointe Village Drive, Suite 100
   Lutz, Florida 33558
   Telephone:  727-254-5255

   *and*

By: */s/ Zarra R. Elias*
   Zarra R. Elias
   Florida Bar Number:  089020
   Melissa Torres
   Florida Bar Number:  1002646
   **AKERMAN LLP**
   401 E. Jackson Street, Suite 1700
   Tampa, Florida  33602
   Telephone:  813-228-7333
   Facsimile:  813-223-2837
   zarra.elias@akerman.com
   melissa.torres@akerman.com
   *Attorneys for Defendants*

/s/ Scott Behren_____
Scott M. Behren
Florida Bar Number: 987786
scott@behrenlaw.com
**BEHREN LAW FIRM**
1930 N. Commerce Parkway, Suite 4
Weston, Florida 333626
Telephone: 954-636-3802
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 18, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF electronic system to all parties registered to receive notice via CM/ECF.

/s/ *Zarra R. Elias*_____
Attorney