## SETTLEMENT AND RELEASE AGREEMENT

**THIS SETTLEMENT AND RELEASE AGREEMENT** (hereinafter referred to as the "Agreement") is entered between SAMIRA O'BRIEN (hereinafter "O'BRIEN"), BELLA NAILS AND SPA SERVICES, INC. ("BELLA NAILS") and LAP H. NGUYEN ("NGUYEN").

**WHEREAS**, O'BRIEN claims that she was not properly paid overtime wages by BELLA NAILS AND NGUYEN for some portion of her engagement with BELLA NAILS and has filed a lawsuit styled Samira O'Brien versus Bella Nails and Spa Services, Inc. d/b/a Bella Nails & Spa, and Lap H. "Andy" Nguyen, Case No.: 8:18-cv-02658-JSM-JSS, in the United States District Court, Middle District of Florida, Tampa Division ("Lawsuit"); and

**WHEREAS**, O'BRIEN may have other claims, causes of action, rights, grievances, demands or suits in law or equity against BELLA NAILS and/or NGUYEN; and

**WHEREAS**, the parties hereto desire to settle all claims, disputes, and causes of action that O'BRIEN has or may have against BELLA NAILS and/or NGUYEN up to the date of this Agreement in order to avoid the expense and distractions of litigation.

**FOR VALUABLE CONSIDERATION**, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

## COVENANTS

1. **Settlement Proceeds.** BELLA NAILS agrees to pay the following sums to or on behalf of O'BRIEN on the terms set forth in this Agreement to settle all claims as described more fully below, including all claims that were asserted or could have been asserted by O'BRIEN in the Lawsuit.

    a. BELLA NAILS agrees to provide to or on behalf of O'BRIEN the gross amount of Seventeen Thousand Seven Hundred and Eighteen Dollars and 84/100 Cents ($17,718.84) (the "Settlement Proceeds"). The Settlement Proceeds will be issued as follows:

    (1) one check made payable to Florin Gray Bouzas Owens, LLC Trust Fund in the amount of Seventeen Thousand Seven Hundred and Eighteen Dollars and 84/100 Cents ($17,718.84). The firm of Florin Gary Bouzas Owens, LLC shall be responsible for distribution of the Settlement Proceeds in accordance with O'BRIEN's claim for back wages, liquidated dates, and payment of attorneys' fees and costs. Upon the delivery or mailing by counsel of BELLA NAILS and/or NGUYEN of the Settlement Proceeds to O'BRIEN's counsel Florin Gray Bouzas Owens, LLC, BELLA NAILS and/or NGUYEN shall have satisfied with the terms of Paragraph 1 of this Agreement.

    b. O'BRIEN agrees that the payment set forth in this Paragraph 1(a) includes all that she is entitled to receive from BELLA NAILS and/or NGUYEN and includes the

1

full and final payment of any and all wages, bonuses, and other compensation, including all overtime wages and liquidated damages under the Fair Labor Standards Act, costs and attorneys' fees, and any other sums she claims are due or would be due from BELLA NAILS and/or NGUYEN for any reason through the date of this Agreement. O'BRIEN agrees that during her engagement with BELLA NAILS, she was provided any leave to which she may have been entitled, and that she did not suffer any workplace illness or injury which she did not report to BELLA NAILS and/or NGUYEN in writing. O'BRIEN further stipulates that she is not entitled to any additional compensation, including overtime wages, liquidated damages or attorneys' fees, from BELLA NAILS and/or NGUYEN.

   d. O'BRIEN agrees to indemnify and hold BELLA NAILS and NGUYEN harmless from and against any claim by any taxing authority that involves O'BRIEN's failure to pay taxes for which she is legally responsible relating to the Settlement Proceeds, including any claims for additional withholdings, taxes, interest and penalties that any taxing authority claims were or should be due. O'BRIEN also agrees to indemnify and hold BELLA NAILS and NGUYEN harmless from any claim by her attorneys, if any, regarding any interest her attorneys may assert in the Settlement Proceeds provided under this Agreement, and BELLA NAILS and NGUYEN shall be deemed to have complied with the terms of Paragraph 1 of this Agreement upon delivery of the Settlement Proceeds to O'BRIEN by mailing them to her attorney.

   2. **Court Approval and Dismissal with Prejudice**. O'BRIEN agrees to take all steps necessary to secure court approval of this Agreement. To that end, the parties agree that the parties will jointly submit to the Court a Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice. No Settlement Proceeds related to this Agreement will be paid until the Court has approved the Agreement and the Lawsuit has been dismissed with prejudice.

   3. **Adequate Consideration**. O'BRIEN agrees that the Settlement Proceeds set forth in Paragraph 1 above constitute adequate and ample consideration for the rights and claims she is waiving and releasing in Paragraph 4 below.

   4. **Release of Claims**. O'BRIEN, on behalf of all persons who could claim by, through or under her, fully, finally and forever releases and BELLA NAILS and NGUYEN, and BELLA NAIL's parent and all affiliated and related entities, and all of their officers, directors, shareholders, members, owners, employees, benefit plans, representatives, insurers, representatives, attorneys, agents, affiliates, successors, assigns (all of whom are referred to collectively as "Releasees") from any and all liabilities, claims, demands, actions, lawsuits, and causes of action that relate to any allegation of unpaid wages. This release and waiver specifically includes but is not limited to claims brought under the Fair Labor Standards Act; Florida's Wage Rate Provision, § 448.07, Florida Statutes; Florida's Attorneys' Fees Provision for Successful Litigants in Suits for Unpaid Wages, § 448.08, Florida Statutes; the Florida Minimum Wage Law, § 448.110, Florida Statutes, and s. 24 Art. X of the Florida State Constitution; and/or any allegation for costs, fees, or other expenses including attorneys' fees incurred in the Lawsuit, which O'BRIEN now has or shall have as of the date of this Agreement. In the event of any litigation arising from a breach of the Agreement, the

prevailing party shall be entitled to recovery any remedy or right it or she may have at law or in equity, including but not limited to, her/his/its reasonable attorneys' fees and costs.

5. **No Lawsuits or Claims.** O'BRIEN agrees that this Agreement will constitute a bar to any claim, action, cause of action or proceeding she has waived in this Agreement. However, O'BRIEN understands that nothing contained in this Agreement limits O'BRIEN's ability to file a charge or complaint with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission or any other federal, state or local governmental agency or commission ("Government Agency/ies"). O'BRIEN further understands that this Agreement does not limit O'BRIEN's ability to communicate with any Government Agencies or otherwise participate in any investigation or proceeding that may be conducted by any Government Agency, including providing documents or other information, without notice to the Company. O'BRIEN acknowledges and agrees that she waives not only her right to recover money or any other relief in any action she might commence, but also her right to recover in any action brought on her behalf by any other party or any other federal, state or local governmental agency or department, including the Department of Labor, except with respect to the Securities and Exchange Commission. This Agreement does not limit O'BRIEN's right to receive an award for information provided to the SEC. Further, O'BRIEN understands that she shall not be held criminally or civilly liable under any Federal or State trade secret law for the disclosure of a trade secret that is made in confidence to a Federal, State, or local government official, either directly or indirectly, or to an attorney, and made solely for the purpose of reporting or investigating a suspected violation of law.

6. **No Admission of Liability.** This Agreement does not constitute an admission or acknowledgement of liability by BELLA NAILS and/or NGUYEN. BELLA NAILS and/or NGUYEN expressly deny that O'BRIEN was an employee; that O"RIEN was owed any unpaid wages; and that BELLA NAILS and/or NGUYEN have violated any law, statute, rule, regulation or ordinance of the United States, the State of Florida, or any other state or municipality, or that it breached any duty to O'BRIEN. This settlement was reached solely for purposes of avoiding the time and further expense which would be incurred continuing the litigation.

7. **Attorneys' Fees.** Other than as set forth in this Agreement, each party shall bear its/his/her own costs, litigation expenses, attorneys' fees and any other expenses incurred in connection with the disputes between the parties to date.

8. **Miscellaneous.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to conflicts of law principles. In any action for breach or enforcement of this Agreement, O'BRIEN agrees to submit to the jurisdiction of either the United States District Court, Middle District of Florida, Tampa Division. The parties waive trial by jury of any action arising under this Agreement. The prevailing party in any dispute for breach or enforcement of the terms of this Agreement shall be entitled to recover reasonable attorneys' fees and costs. The waiver by BELLA NAILS and/or NGUYEN of any breach or default by O'BRIEN of any of the terms of this Agreement shall not be deemed to be, nor shall the same constitute, a waiver of any subsequent breach or default by O'BRIEN. This Agreement shall also inure to the

benefit of and be enforceable by BELLA NAILS, its predecessors, affiliates, successors and/or assigns. This Agreement may be executed in counterparts.

9. **Acknowledgement**. O'BRIEN acknowledges that she has read and understands this Agreement. O'BRIEN also acknowledges that she enters into this Agreement voluntarily, without any pressure or coercion, with full knowledge of its significance. O'BRIEN further acknowledges that she was represented by counsel and had an opportunity to review this Agreement with counsel prior to entering into it.

**[SIGNATURES ON THE NEXT PAGE]**

THE UNDERSIGNED STATE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT AND KNOW AND UNDERSTAND THE CONTENTS THEREOF AND THAT THEY EXECUTED THE SAME FREELY AND VOLUNTARILY.

IN WITNESS WHEREOF, the undersigned have executed this Agreement on the date hereafter written.

| SAMIRA O'BRIEN | BELLA NAILS AND SPA SERVICES, INC. |
|---|---|
| _[signature]_ | By: _[signature]_ |
| Signature | Print Name: lapnguyen |
| Dated: 10/17/19 | Print Title: President |
| | Dated: 10/18/2019 |

LAP H. NGUYEN

_[signature]_
Signature

Dated: 10/18/2019

5